UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO FLORES VERA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-00164 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Antonio Flores Vera is an inmate in the Texas Department of Criminal Justice – Criminal Institutions Division and currently is incarcerated at the Carol Young Medical Facility in Dickenson, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se*, Vera filed this petition pursuant to 28 U.S.C. § 2254 on June 5, 2019.[1] The underlying conviction which is the subject of the petition is a 2007 Nueces County conviction for three counts of sexual assault of a child. Vera claims that his constitutional rights were violated during his trial. Respondent filed a motion to dismiss on December 23, 2019, to which Vera has not responded. (D.E. 13). For the reasons set forth below, it is recommended that Respondent's motion to dismiss (D.E. 13) be granted and Vera's petition be dismissed without prejudice as second or successive. It is further recommended that any request for a certificate of appealability ("COA") be denied.

---

[1] Vera stated under penalty of perjury that he placed his petition in the prison mail system on June 5, 2019, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

I.  **BACKGROUND**

On September 13, 2007, in Nueces County, Texas, Vera was tried in front of a jury and convicted of three counts of sexual assault of a child, enhanced to a first degree felony by a prior felony conviction. (D.E. 14-1 at 104-05). Vera was sentenced to three concurrent 25-year terms of imprisonment. (*Id.*). The Thirteenth District Court of Appeals affirmed his conviction on May 21, 2009. (D.E. 14-4 at 1-10). Vera did not file a petition for discretionary review, but did file four *habeas corpus* petitions in state court challenging his convictions. (D.E. 14-7 at 6-16; D.E. 14-9 at 6-16; D.E. 14-12 at 4-20; D.E. 14-19 at 5-22). The first application was dismissed because his direct appeal was pending. (D.E. 14-7 at 2). The second application was denied without written order on the findings of the trial court without a hearing on April 13, 2011. (D.E. 14-9 at 2). The third and fourth applications were dismissed as subsequent applications under Tex. Code Crim. Pro. Art. 11.07 § 4(a)-(c). (D.E. 14-14 at 1; D.E. 14-20 at 1).

Vera next filed a petition for *habeas corpus* relief in federal court on March 11, 2013. (S.D. Tex. Case No. 2:13-cv-00071, D.E. 1, 2). The petition was dismissed as time-barred. (*Id.*, D.E. 10). The Fifth Circuit denied Vera a COA and the United States Supreme Court denied *certiorari* on June 3, 2014. (*Id.*, D.E. 24, 25).

Vera filed a second petition on July 10, 2017, making the following allegations: (1) the indictment was defective and was secured by prejudicial videotape evidence; (2) the indictment deprived Vera of fundamental due process rights to a fair trial, counsel, and meaningful appeal; (3) he was denied a trial by jury; and (4) the trial court lacked jurisdiction to hear the case. (S.D. Tex. Case No. 2:17-cv-00246, D.E. 1 at 6-8). The

District Court dismissed his petition as second or successive. (*Id.*, D.E. 20 at 1). The Fifth Circuit dismissed his appeal as untimely filed. (*Id.*, D.E. 32).

The claims in Vera's current petition are difficult to decipher, but liberally construed, Vera raises four claims: (1) he was denied a jury trial by the Texas Court of Criminal Appeals; (2) a dismissal in the state court violated the Constitution because "four extrajudicial factors have conspired against the United States and applicant is a fact witness"; (3) Rule 3 of the Texas Code of Criminal Procedure was used improperly; and (4) the state court's exercise of jurisdiction over his case was improper. (D.E. 1 at 6-7).

## II.   DISCUSSION

### a.   Second or Successive

In the motion to dismiss, Respondent argues that Vera's petition should be dismissed as second or successive because he could have raised each of his claims when he filed his original petition in 2013 and has not received authorization from the Fifth Circuit to raise them now. (D.E. 13 at 12-14).

Vera has not responded.

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for *habeas corpus* relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the

challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Vera could have raised the same issues that he raises in his current petition in the petition he filed in 2013. Therefore, his instant petition is "second or successive." This Court lacks jurisdiction over a *habeas* action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Vera should be allowed to file the successive motion in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).[2] *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions).

Because Vera has presented neither argument nor evidence indicating that he will be able to make a *prima facie* showing that his application satisfies § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that Vera's *habeas* petition be dismissed without prejudice to re-filing if proper authorization from

---

[2] Vera would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

the Fifth Circuit is obtained.

      **b.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Vera has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the *habeas* petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Vera's claims are second or successive and that this Court lacks jurisdiction to hear them, it is recommended that a COA be denied.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 13) be granted.  Vera's application for *habeas corpus* relief should be dismissed without prejudice because it is second or successive and this Court lacks jurisdiction to hear it.  It is further recommended that a COA be denied.

Respectfully submitted this 23rd day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).